**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CEDRIC AUSTIN,                                                                              PLAINTIFF
ADC #116669

4:11CV00601-SWW-JTK

CARL LYNN JOHNSON, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      Introduction**

This matter is before the Court on Defendant Johnson's Motion for Summary Judgment

(Doc. No. 87).  By Order dated March 26, 2013, this Court directed Plaintiff to file a response to the

Motion within fifteen days of the date of the Order, warning that failure to respond would result in

either all of the facts set forth in Defendant's Motion being deemed admitted, or dismissal of his

action without prejudice for failure to prosecute, pursuant to Local Rule 5.5(c)(2)(Doc. No. 92).[1]

---

[1]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and
Western Districts of Arkansas provides as follows:
> It is the duty of any party not represented by counsel
> to promptly notify the Clerk and the other parties to
> the proceedings of any change in his or her address,
> to monitor the progress of the case and to prosecute
> or defend the action diligently . . . . If any communi-
> cation from the Court to a pro se plaintiff is not
> responded to within thirty (30) days, the case may be
> dismissed without prejudice. . . .

As of this date, Plaintiff has not filed a Response to the Motion.

Plaintiff is a state inmate incarcerated at the Tucker Unit of the Arkansas Department of Correction (ADC).  He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs while incarcerated at the Pulaski County Detention Facility (Jail), from March, 2011, until June, 2011 (Doc. No. 8). Although he originally named several individuals as Defendants, he filed a Second Amended Complaint against only Defendant Johnson on August 28, 2012 (Doc. No. 66).  In this Amended Complaint, Plaintiff alleged that when he arrived at the Jail on March 15, 2011, he possessed several medications prescribed to him by treating physicians at the Veteran's Hospital, but that Defendant Johnson prescribed him different medications and failed to adequately and timely treat his serious medical needs.  Plaintiff asks for monetary relief from Defendant.

## II.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to

the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In support of his Motion, Defendant Johnson states he should be dismissed from this action because Plaintiff cannot show that he acted with deliberate indifference to his serious medical needs, as set forth in Dulany v. Carnahan, 132 F.3d at 1237.   He also states that a disagreement over his plan of care is not sufficient to support an Eighth Amendment claim.  Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).  In support, Defendant provides a Declaration in which he states that he is a licensed physician specializing in the practice of internal medicine, and has contracted with the Jail for the last fifteen years to provide medical care to inmates.  (Doc. No. 87-4, p. 1.)  Defendant also provides a copy of Plaintiff's medical records for review.  (Doc. No. 87-1 - 87-3.)  Johnson states in his Declaration that when Plaintiff arrived at the Jail on March 15, 2011, the Jail verified numerous medications which were prescribed to Plaintiff at some point by the Veteran's Administration Hospital.  (Id., p. 2.)  Johnson states that when an inmate arrives at the Jail, he evaluates the patient to determine what medications are appropriate, and does not automatically prescribe all medications that were prescribed to the inmate by other physicians.  (Id.)  The day after Plaintiff's arrival at the Jail, Defendant Johnson ordered medications for his blood pressure and skin lesions.  (Id., p. 3.)  He also noted that Plaintiff has a mental disorder of psychosis/schizophrenia, for which he was treated by the Jail psychiatrist.  (Id.)

Following Plaintiffs' complaint about hemorrhoids on April 7, 2011, Johnson ordered hemorrhoid cream and Ibuprofen for pain.  (Id.)  Although he attempted to examine Plaintiff on April 21, 2011,  Plaintiff would not come to the door to discuss his medical problems with him.  (Id.)

Plaintiff did state he suffered from pain, asthma problems and a need for tennis shoes, and Johnson wrote prescriptions for pain, asthma, skin irritation, and ordered that he be allowed to possess his tennis shoes. (Id., pp. 3-4.) On May 17, 2011, Defendant Johnson ordered that Plaintiff be transferred to the general population of the Jail after one of his nurses visited Plaintiff and found that his skin lesions were healed. (Id., p. 4.) He examined Plaintiff on May 23, 2011, and Plaintiff reported he was doing well with no complaints. (Id., p. 3.) However, when he again examined Plaintiff on May 25, 2011, Plaintiff became hostile, mad, aggressive, and cursed, complaining about his sores (which had healed) and his medications (some of which he refused to take). (Id., p. 4.) Johnson asked the nurses to determine what Plaintiff needed, and prescribed a medication for muscle pain. (Id.) Johnson renewed Plaintiff's medications on June 15, 2011, and Plaintiff was transferred to the ADC the following day. (Id., p. 5.)

The Court is unclear whether Plaintiff should be considered a pretrial detainee or a convicted inmate at the time of his incarceration. While the due process standard of the Fourteenth Amendment applies to determine the constitutionality of pretrial detainees' conditions of confinement, the standards applied to such claims are the same as those applied to Eighth Amendment claims. See Bell v. Wolfish, 441 U.S. 520, 535 (1979), and Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate

of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany,132 F.3d at 1240.

Having reviewed Plaintiff's Amended Complaint, Defendant's Motion, and the evidence provided in support, the Court finds no dispute of fact concerning the medical care and treatment provided to the Plaintiff by Defendant Johnson, and that Johnson is entitled to judgment as a matter of law on Plaintiff's claims against him. Plaintiff provides absolutely no proof that Defendant Johnson acted with deliberate indifference to his serious medical needs. According to Plaintiff's medical records, he was treated often for his complaints, and Defendant provided him with prescriptions for high blood pressure, skin lesions, asthma, and pain. Plaintiff provides no evidence that Defendant deliberately failed to provide treatment; rather, he complains about the manner of treatment, which is not actionable. See Long v. Nix, 86 F.3d at 765, and Dulany v. Carnahan, 132

6

F.3d at 1240.

**III.     Conclusion**

IT IS, THEREFORE, RECOMMENDED, that Defendant Johnson's Motion for Summary

Judgment (Doc. No. 87) be GRANTED, and that Plaintiff's claims against him be DISMISSED with

prejudice.

IT IS SO RECOMMENDED this 16th day of May, 2013.

 

 

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE